UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR CADENA,

    Plaintiff,

    v.

J. PRESTON,

    Defendant.

Case No. 19-cv-02856-RS (PR)

**ORDER REOPENING ACTION;**

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff fails to state any claim for relief in his amended 42 U.S.C. § 1983 complaint. Accordingly, this federal civil rights action is DISMISSED.

This suit was dismissed because plaintiff failed to file an amended complaint by the deadline. He since has filed an amended complaint. Accordingly, the judgment and the order of dismissal are VACATED. (Dkt. Nos. 5 and 6.) <u>The Clerk shall reopen this action and modify the docket to reflect this fact.</u> The Court now will review the amended complaint.

# DISCUSSION

**A.    Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

**1. Original Complaint**

The original complaint was dismissed (with leave to amend) because it raised conclusory contentions. Plaintiff alleged without elaboration that in 2018 J. Preston, a prison guard at Pelican Bay State Prison, refused to place him on suicide watch and made insulting comments. This was insufficient. First, while prison guards certainly must "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984), there is no constitutional right for an inmate to be placed on suicide watch. Second, plaintiff failed to articulate any reason Preston should have been concerned about plaintiff's personal safety. Merely saying without any factual enhancement that he should have been placed on suicide watch is insufficient.

Plaintiff was directed to provide specific reasons Preston should have been alerted to plaintiff's condition, and the dates, times, and places on which plaintiff exhibited any alarming symptoms. He was told that federal pleading standards "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. He was also directed to pay attention to the following. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act,

participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

Plaintiff's allegations regarding Preston's comments failed to state a claim for relief and were dismissed with prejudice. Neither disrespectful, insulting, and vulgar language, nor verbal harassment, are actionable under section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997).

### 2. First Amended Complaint

Plaintiff alleges without elaboration that in September 2018 he told Preston he "was having suicidal thoughts." (Am. Compl., Dkt. No. 7 at 3.) There is no factual enhancement beyond this statement. According to plaintiff, Preston had to follow state protocols and alert mental health professionals for an evaluation. (*Id.*) Her actions, he contends, prevented him from receiving treatment. (*Id.*) The Court construes this as an Eighth Amendment claim.

A prison official is deliberately indifferent, and thereby violates the Eighth Amendment, if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

ORDER OF DISMISSAL
CASE NO. 19-cv-02856-RS

3

Plaintiff's allegations do not meet these standards. First, plaintiff has not shown that any harm resulted from Preston's actions. Second, he has not shown that his plain statement made her "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," or that she did indeed "draw the inference." Third, a failure to follow state protocols does not show that his federal constitutional rights were violated. In order to seek redress under § 1983, a plaintiff must assert the violation of a federal right, not merely the violation of federal law, *see Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989), nor simply the deprivation of statutorily provided benefits or interests, *see Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002). Furthermore, Preston did not prevent plaintiff from seeking mental health treatment. He was free to file a grievance or to ask for medical help on his own. This suit will be dismissed.

## CONCLUSION

This federal civil rights suit is DISMISSED. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 10, 2019

RICHARD SEEBORG
United States District Judge